NJM:ADR
F. #2025R00082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA           **PROTECTIVE ORDER**

    - against -           No. 25-CR-183 (AMD)

SHARON GOHARI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS the above-captioned case arises out of a counterterrorism investigation conducted by the Federal Bureau of Investigation that implicates the national security interests of the United States; and

        WHEREAS the above-captioned case involves sensitive non-public information relating to communications, records and documents of various agencies of the United States Government; and

        WHEREAS the above-captioned case also involves sensitive non-public personal information of charged and uncharged individuals and entities, including material that may tend to identify minor children who are alleged victims of sexual exploitation; and

        WHEREAS the above-captioned case further involves the use of sensitive non-public law enforcement investigative techniques, public disclosure of which could thwart their effectiveness in future investigations; and

        WHEREAS the above-captioned case involves voluminous electronic and documentary evidence that includes the above-described sensitive non-public information; and

WHEREAS the Court finds that there is good cause to impose restrictions on the use and dissemination of materials and information disclosed by the government to the Defendant pursuant to the government's criminal discovery obligations in order to prevent the public disclosure of sensitive non-public information and to protect the interests of both the Defendant and uncharged third parties;

THEREFORE, IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1. The terms of this Protective Order shall apply to all Discovery Material, as defined below, disclosed by the government to the Defendant and Defense Counsel after the date this Order is entered by the Court, in the above-captioned case, which includes all copies, excerpts, quotations, notes, transcripts, summaries, analyses or other information derived or prepared from materials and information disclosed or produced by the government.

2. For the purposes of this Protective Order:

   a. The term "Defendant" is defined to include Sharon Gohari, who is charged in the above-captioned case;

   b. The term "Defense Counsel" is defined to include the Defendant's counsel, currently Samuel Jacobson, Esq., who was appointed by the Court, as well as all future attorneys that may later be appointed by the Court or retained by the defendant in connection with the above-captioned case. If the Defendant obtains additional or substitute Defense Counsel, the Defendant and current Defense Counsel shall not transfer to the additional or substitute Defense Counsel any portion of the Discovery Material or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the

Discovery Material unless and until such counsel is appointed by the Court to represent the defendant, or becomes counsel of record for the Defendant through filing a notice of appearance on the docket of the above-captioned case.

        c.      The term "Discovery Material" is defined to include all materials and information disclosed or produced by the government to the Defendant and Defense Counsel in the above-captioned case pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, or Rule 26.2 of the Federal Rules of Criminal Procedure and/or pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), as well as all copies, excerpts, quotations, notes, transcripts, summaries, analyses or other information derived or prepared from materials and information disclosed or produced by the government.

        d.      The term "Authorized Recipient" is defined to mean an individual who has received a copy of this Protective Order, understands the terms and conditions of the Protective Order, agrees to be bound by the Protective Order, consents to the jurisdiction of the Court to enforce the Protective Order and to punish violations of the Protective Order, has completed and signed a copy of Attachment A to this Protective Order, and is authorized to receive Discovery Material from the Defendant or Defense Counsel either (i) under paragraph 5 of this Protective Order; or (ii) by the government in writing or by Order of the Court, pursuant to paragraphs 6 through 8 of this Protective Order.

    3.      The Defendant, Defense Counsel and any Authorized Recipients shall not disclose, disseminate or discuss Discovery Material to or with any other individual, entity or organization unless such further disclosure is authorized in advance by this Protective Order, by the government in writing, or by Order of the Court. For the avoidance of doubt, the Defendant,

Defense Counsel, and Authorized Recipients shall not disclose, disseminate or discuss any Discovery Material to or with any member of the news media, or to or with any foreign government or representative or agent of a foreign government. Nothing in this Protective Order prohibits the news media from obtaining copies of Discovery Material that become public exhibits at any conference, hearing, trial or other proceeding.

4. Before the Defendant or Defense Counsel disclose, disseminate or discuss Discovery Material to or with an Authorized Recipient, the Defendant and Defense Counsel must ensure that the Authorized Recipient has received a copy of this Protective Order, understands the terms and conditions of the Protective Order, agrees to be bound by the Protective Order, consents to the jurisdiction of the Court to enforce the Protective Order and to punish violations of the Protective Order and completes and signs a copy of Attachment A to this Protective Order. The Defendant or Defense Counsel who discloses, disseminates or discusses Discovery Material to or with an Authorized Recipient must provide the copy of Attachment A signed by the Authorized Recipient to the government before disclosing, disseminating or discussing Discovery Material to or with the Authorized Recipient.

5. Except as otherwise provided in this Protective Order, this Protective Order authorizes the Defendant and Defense Counsel to disclose, disseminate and discuss Discovery Material to and with "Defense Staff," which is defined to include non-lawyer staff employed by Defense Counsel, and expert witnesses, litigation consultants, contractors, translators and interpreters retained by the Defendant or Defense Counsel to assist them in investigating, preparing and litigating the above-captioned case. Defense Staff may use the Discovery Material disclosed, disseminated and discussed to and with them only to assist the

Defendant and Defense Counsel with investigating, preparing and litigating the above-captioned case, and may not use Discovery Material for any other purpose. Defense Staff must return to Defense Counsel all Discovery Material disclosed or disseminated to them, and delete or destroy any copies or excerpts of Discovery Material, after they finish assisting Defense Counsel in investigating, preparing, and litigating the above-captioned case, and in any event, no later than one year after the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

6. If the Defendant or Defense Counsel desires to disclose, disseminate or discuss Discovery Material to or with any person who is not identified as an Authorized Recipient in paragraph 5 of this Protective Order, the Defendant or Defense Counsel may request that the government exercise its discretion to designate in writing such person as an Authorized Recipient of Discovery Material. If the government chooses to designate a specific person as an Authorized Recipient of Discovery Material, the government may impose, in writing, such additional conditions and restrictions on that Authorized Recipient's use, handling, and retention of Discovery Material as it deems necessary.

7. If the Defendant or Defense Counsel desires to disclose, disseminate or discuss Discovery Material to or with any person who is not identified as an Authorized Recipient in paragraph 5 of this Protective Order, and either the government has refused to designate such person as an Authorized Recipient, or the Defendant or Defense Counsel believes that disclosure of the person's identity to the government would reveal privileged defense strategy, the Defendant or Defense Counsel may apply to the Court for an Order designating a specific person as an Authorized Recipient of Discovery Material under this Protective Order,

notwithstanding the provisions of Paragraph 4. If the Defendant or Defense Counsel seeks an Order from the Court designating an Authorized Recipient to avoid revealing privileged defense strategy information to the government, the Defendant or Defense Counsel may apply for such an Order in an *ex parte* filing which sets forth the reasons for the requested relief and the reasons why the application is submitted to the Court *ex parte*. The Court, at its discretion, may require the government to respond to such an application. If the Court issues an Order designating a specific person as an Authorized Recipient of Discovery Material, the Court may impose such additional conditions and restrictions on that Authorized Recipient's use, handling and retention of Discovery Material as it deems necessary.

8. Any person designated in writing by the government or by Order of the Court as an Authorized Recipient of Discovery Material under this Protective Order shall be subject to all of the terms and conditions of this Protective Order and, as applicable, such additional terms and conditions as the government may specify in its written designation or the Court may specify in its Order designating the Authorized Recipient.

9. Only the Defendant and Defense Counsel may disclose, disseminate or discuss Discovery Material to and with Authorized Recipients. An Authorized Recipient who obtains Discovery Material from the Defendant or Defense Counsel shall not further disclose, disseminate or discuss Discovery Material to or with any other person, entity, or organization unless they are specifically authorized to do so in writing by the government or by Order of the Court.

10. The Defendant, Defense Counsel and Authorized Recipients to whom Discovery Material is disclosed or disseminated must take reasonable precautions to ensure that

the Discovery Material is not accessible by any person who is not an Authorized Recipient of Discovery Material.  Any Defendant, Defense Counsel or Authorized Recipient to whom Discovery Material is disclosed or disseminated must store physical copies of Discovery Material, and any electronic storage media on which Discovery Material is stored (*e.g.*, USB flash drives and external hard drives), in a place that is accessible only to the Defendant, Defense Counsel and Authorized Recipients (*e.g.*, a locked office, locked file cabinet, or locked safe). The Defendant, Defense Counsel or Authorized Recipient to whom Discovery Material is disclosed or disseminated must store electronic copies of Discovery Material on a computer, or in a location on a shared computer or computer network, that is protected through the use of a password, encryption, or similar technology that denies access to any person who is not the Defendant, Defense Counsel or an Authorized Recipient.  The Defendant, Defense Counsel or Authorized Recipient to whom Discovery Material is disclosed or disseminated must similarly take reasonable precautions to ensure that any physical key, combination, password, cryptographic key, or other device used to restrict access to Discovery Material is not accessible to any person who is not an Authorized Recipient.

11. Notwithstanding any other provision of this Protective Order, the Defendant, Defense Counsel and Authorized Recipients shall not carry, send, transmit, access or permit access to Discovery Material, in whole or in part, outside of the territorial boundaries of the United States of America, except pursuant to either prior written consent of the government or order of the Court through the process described in paragraphs 6 through 8 of this Protective Order.

12. Before the Defendant or Defense Counsel include any copy, excerpt or quotation from the Discovery Material in any public filings made with the Court, or attach Discovery Material to a public filing, the Defendant or Defense Counsel must either:

    a. Redact the Discovery Material excerpted in a publicly filed document or file the Discovery Material under seal and indicate to the Court their position with regard to whether the Discovery Material should remain under seal, such that the government may then inform the Court of its position with regard to sealing and the Court can decide whether the filed Discovery Material should remain redacted or sealed; or

    b. Confer with the government as to whether the Discovery Material should remain under seal, such that upon agreement of the parties, such restriction may be lifted and the material may be publicly filed without further order of the Court.

13. If the government believes that additional protections are required for particularly sensitive documents, the government may designate certain Discovery Material as "Sensitive Discovery Material," which shall be subject to the following restrictions on its use or dissemination, in addition to the restrictions applicable to all Discovery Material:

    a. The dissemination of Sensitive Discovery Material is restricted to the Defendant, Defense Counsel and Defense Staff. Sensitive Discovery Material shall not be shared with any other Authorized Recipients without the prior express approval of the government or Order of the Court through the process described in paragraphs 6 through 8 of this Protective Order; and

    b. The discussion of Sensitive Discovery Material is restricted to the Defendant, Defense Counsel and Defense Staff.

c. The Defendant is prohibited from retaining the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material, and may review the Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff.

14. If the Defendant or Defense Counsel believes that the government's designation of particular items of Discovery Material as "Sensitive Discovery Material" is not warranted, or that such a designation imposes restrictions on its use or dissemination that are unduly burdensome, the Defendant or Defense Counsel should first confer with the government to seek the government's consent to modify the designation or specific restrictions on the use or dissemination of Discovery Material. If the Defendant or Defense Counsel and the government are unable to resolve the Defendant or Defense Counsel's objections, the Defendant or Defense Counsel may move the Court to modify the designation of specific items of Discovery Material as "Sensitive Discovery Material," or to modify specific restrictions on the use or dissemination of the Sensitive Discovery Material. Any motion filed by the Defendant or Defense Counsel seeking such a modification must specifically identify the Bates numbers of the Sensitive Discovery Material that is the subject of the motion, and must comply with the requirements of paragraph 12 of this Protective Order.

15. Upon the conclusion of the Defendant's efforts to defend against the charges in the above-captioned case, including trial, sentencing, direct appeal, and first motion under 28 U.S.C. § 2255, and in any event, no later than one year after the exhaustion of the Defendant's appellate rights:

a. The Defendant and his Defense Counsel shall return to the government all Discovery Material, whether in the possession of the Defendant, Defense Counsel or any other Authorized Recipient to whom the Defendant or Defense Counsel disclosed Discovery Material, and confirm that they have destroyed or deleted any copies of Discovery Material; and

b. The Defendant and his Defense Counsel shall provide to the government all signed copies of Attachment A to this Protective Order identifying the Authorized Recipients to whom the Defendant and Defense Counsel disclosed Discovery Material pursuant to this Protective Order, or state that no Discovery Material was provided to any other Authorized Recipient.

16. Nothing in this Protective Order shall preclude the government from seeking further protections as to particular Discovery Material pursuant to Rule 16(d).

17. This Protective Order pertains only to unclassified Discovery Material. Nothing in this Protective Order shall alter or control the handling of any classified material pursuant to the Classified Information Procedures Act and any applicable rules and regulations.

18. Nothing in this Protective Order in any way releases counsel for the government, the Defendant or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

19. In the event that the Defendant, Defense Counsel or any Authorized Recipient becomes aware that any term of this Protective Order has been violated or may have been violated, the Defendant, Defense Counsel or Authorized Recipient shall immediately advise the government and the Court of the nature and circumstances of such violation.

20. Upon determination by the Court of a violation of this Protective Order, the Court may take such action as it deems appropriate. Upon determination by the government that Discovery Material has been accessed or obtained by a person who is not an Authorized Recipient, the government may require the Defendant, Defense Counsel or Authorized Recipient from whom Discovery Material was accessed or obtained to immediately return to the government all Discovery Material and copies of Discovery Material. Nothing in this paragraph shall prevent the Defendant or Defense Counsel from seeking further relief from the Court.

21. This Protective Order shall remain in force and continue to apply to the Defendant, to current and former Defense Counsel, and to all Defense Staff and other Authorized Recipients who sign Attachment A to this Protective Order even after the conclusion of the case by conviction or dismissal, and even after the Defendant, Defense Counsel, Defense Staff and other Authorized Recipients cease their involvement in the above-captioned case. The Court

shall retain jurisdiction to enforce the terms of this Protective Order and to punish for contempt of court all violations of this Protective Order.

Dated:     Brooklyn, New York
           June 12 , 2025

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:    /s/
Andrew D. Reich
Assistant United States Attorneys

/s/
Samuel Jacobson, Esq.
Counsel for the Defendant

SO ORDERED.

s/Ann M. Donnelly
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

## Attachment A to Protective Order

By signing below, I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have reviewed the Protective Order entered by the United States District Court for the Eastern District of New York in <u>United States of America v. Sharon Gohari</u>, No. 25-CR-183 (AMD), and I agree to be bound by and comply with all of the terms and conditions therein. I consent to the jurisdiction of the United States District Court for the Eastern District of New York to enforce this Protective Order and to punish violations of this Protective Order. I understand that if I violate the Protective Order, I may be subject to criminal prosecution in the Eastern District of New York for contempt of court, and such other sanctions or disciplinary action as the Court itself may direct.

| Printed Full Legal Name | Title and Organization | Signature | Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |