NJM:ADR
F. #2025R00082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

SHARON GOHARI,

Defendant.

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 25-183 (S-1) (AMD)
(T. 8, U.S.C., §§ 1324(a)(2)(B)(ii) and 1324(b); T. 18, U.S.C., §§ 982(a)(6)(A), 982(b)(1), 2252(a)(2), 2252(b)(1), 2253(a), 2253(b), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Receipt of Child Sexual Abuse Material)

1. In or about and between January 2024 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SHARON GOHARI did knowingly and intentionally receive one or more visual depictions using a means and facility of interstate and foreign commerce, which depictions had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, to wit: an iPhone 13 cellular device with serial number GV2WWD6H7Q, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1) and 3551 et seq.)

COUNT TWO
(Bringing Aliens to the United States for Financial Gain)

2. In or about and between December 2020 and May 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SHARON GOHARI, together with others, did knowingly and intentionally bring, in any manner whatsoever, one or more aliens to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such aliens.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

3. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offense; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to:

(a) one Apple iPhone 13 with serial number GV2WWD6H7Q, seized by law enforcement on or about January 24, 2025, at John F. Kennedy International Airport in Queens, New York;

(b) one rose gold Apple iPhone 7 with serial number DNPS9Q0XHG70, seized by law enforcement on or about May 20, 2025, in Roslyn, New York; and

(c) one white Apple iPhone 16 Pro Max with serial number F9TY6641NP, seized by law enforcement on or about May 20, 2025, in Roslyn, New York.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TWO

5. The United States hereby gives notice to the defendant, that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6)(A), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of such offense; (b) any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offense; (c) any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of such offense; and (d) the gross proceeds of such offense, including but not limited to:

(a) one Apple iPhone 13 with serial number GV2WWD6H7Q, seized by law enforcement on or about January 24, 2025, at John F. Kennedy International Airport in Queens, New York;

(b) one rose gold Apple iPhone 7 with serial number DNPS9Q0XHG70, seized by law enforcement on or about May 20, 2025, in Roslyn, New York; and

(c) one white Apple iPhone 16 Pro Max with serial number F9TY6641NP, seized by law enforcement on or about May 20, 2025, in Roslyn, New York.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b); Title 18, United States Code, Sections 982(a)(6)(A) and 982(b)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

By David Pitluck, Assistant U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK